IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:05-CR-314-1-BO

| | |
|---|---|
| MAMIE LOUISE JONES, )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Respondent. ) | **ORDER** |

This matter is before the Court for consideration of the following:

1) a letter to the Court filed August 12, 2010, in which Petitioner requests a reduction in her term of incarceration [DE 71];

2) the Government's Motion to Dismiss, filed December 16, 2010 [DE 76];

3) a Motion for Leave to Proceed In Forma Pauperis, filed January 6, 2011 [DE 77];

4) a Motion for Relief Provided in the 2010 Guideline Amendment Five, filed January 6, 2011 [DE 79]; and

5) the Government's Motion to Dismiss, filed February 3, 2011 [DE 81].

For the following reasons, the Government's Motions to Dismiss [DE 76, 81] are GRANTED.

I.

BACKGROUND

On August 22, 2006, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846. The Court sentenced Petitioner to 262 months confinement.

On August 27, 2007, Petitioner filed her first motion to vacate under 28 U.S.C. § 2255. On August 20, 2008, the Court dismissed Petitioner's first § 2255 motion. Petitioner appealed that dismissal. On December 29, 2008, the Fourth Circuit dismissed that appeal. Petitioner pursued other types of post-judgment relief in the past four years since she pled guilty. On August 12, 2010, petitioner filed a letter asking the Court to reduce her sentence.

On December 16, 2010, the Government filed a Motion to Dismiss [DE 76], arguing that Petitioner's August 12, 2010 letter was a successive motion arising under 28 U.S.C. § 2255.

On January 6, 2011, the Petitioner filed a Motion for Leave to Proceed In Forma Pauperis [DE 77] as well as a Motion for Relief Provided in the 2010 Guideline Amendment Five [DE 79].

On February 3, 2011, the Government filed another Motion to Dismiss, arguing that Petitioner's January 6, 2011 filings [DE 77, 79] were successive motions arising under 28 U.S.C. § 2255.

II.

DISCUSSION

A. Characterization of Petitioner's Motions

At the outset, the Court must determine the legal status and characterization of Petitioner's filings before the Court. A Motion to Vacate, Set Aside or Correct a Sentence is the presumptive method for a federal inmate to collaterally attack his sentence. *Davis v. United States*, 417 U.S. 333, 343-44 (1974). It is the substance of the motion, not the label or name assigned to it by a *pro se* petitioner, that determines whether a court views the motion as arising under section 2255. *Raines v. United States*, 423 F.2d 526, 528 (4th Cir. 1970). The case of *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004), is instructive on this point:

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[a], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

359 F.3d at 857 (internal citation omitted) (emphasis in original); *accord Raines,* 423 F.2d at 528 n.1.

Here, the core request Petitioner makes in her pending filings is that this Court grant relief from her criminal conviction and sentence. Substantively, Petitioner seeks relief available only pursuant to 28 U.S.C. § 2255. Her Motions [DE 71, 77, 79] are, therefore, Motions to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255.

B. <u>The Court Lacks Jurisdiction To Hear Petitioner's Successive § 2255 Motions</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), second or successive § 2255 motions require pre-filing authorization from a court of appeals before they may be considered by the district court. 28 U.S.C. §§ 2244(b)(3)(A); 2255(h); *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Absent pre-filing authorization, a district court lacks jurisdiction to consider the claims. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner failed to obtain pre-filing authorization from the Fourth Circuit before she filed her successive § 2255 petitions. Thus, the Court lacks jurisdiction to adjudicate the pending Motions [DE 71, 77, 79] and they must be dismissed on that basis.

D. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the

3

applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petitions, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in her habeas petitions.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petitions in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

4

## CONCLUSION

For the foregoing reasons, the Respondent's Motions to Dismiss [DE 76, 81] are GRANTED. Petitioner's successive § 2255 Motions [DE 71, 77, 79] are hereby DISMISSED.

DONE and ORDERED, this _10_ day of March.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 5:05-cr-00314-BO   Document 83   Filed 03/11/11   Page 5 of 5