IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-314-BO
No. 5:16-CR-513-BO

| | |
|---|---|
| MAMIE LOUISE JONES,  )  | |
| Petitioner,  )  | |
| v.  )  | **O R D E R** |
| )  | |
| UNITED STATES OF AMERICA,  )  | |
| Respondent.  )  | |

This cause comes before the Court on petitioner's second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 117 & 120]. Petitioner challenges her sentence in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). The government has moved to dismiss petitioner's motion, contending that it is successive and barred by 28 U.S.C. § 2255(h). [DE 122].

DISCUSSION

This petition was brought after the enactment of Title I of the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2244(3)(A) provides that before a second or successive habeas corpus petition may be filed in district court, the petitioner must move the appropriate court of appeals for an order authorizing the district court to consider the application. *See also* 28 U.S.C. § 2255(h).

Petitioner has filed a previous 28 U.S.C. § 2255 petition which was dismissed on the merits. [DE 44]. Therefore, this Court is without jurisdiction to review this matter until authorized to do so by the Fourth Circuit Court of Appeals. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). The court of appeals has denied petitioner authorization to file a

second or successive petition based on *Johnson*. [DE 128]. Accordingly, petitioner's § 2255 motion must be dismissed.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). After reviewing the claims in light of the applicable standard, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __15__ day of December, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE