IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-314-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MAMIE LOUISE JONES | ) | |

This cause comes before the Court on defendant's motion in letter form requesting a reduction in her sentence to time-served. The government has moved to dismiss defendant's motion. Defendant has failed to respond to the government's motion, and the time for doing so has expired. For the reasons that follow, the government's motion to dismiss is granted.

## BACKGROUND

Defendant was sentenced by this Court on August 22, 2006, to a term of 262 months' imprisonment following her plea of guilty to a charge of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 846. [DE 20]. In the instant motion, defendant seeks a reduction in her sentence or a sentence of time served. Defendant notes her current health problems and her loss of loved ones while incarcerated.

## DISCUSSION

"A judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotation marks omitted) (alteration in original). These limited circumstances include a motion by the Director of the Bureau of Prisons based on "extraordinary and compelling reasons" and a defendant's advanced age, a reduction in sentence under Federal Rule of Criminal Procedure 35, or a where a United States Sentencing Guidelines

range has been subsequently lowered by the Sentencing Commission, if such reduction is made retroactive. 18 U.S.C. § 3582(c). Otherwise, to attack the validity of a criminal sentence, a defendant must proceed under 28 U.S.C. § 2255.

Here, the Court has been presented with no basis which could support a reduction in defendant's sentence under 18 U.S.C. § 3582(c). As the Court lacks authority to reduce defendant's sentence, *see United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010), the government's motion to dismiss is granted.

## CONCLUSION

Accordingly, the government's motion to dismiss [DE 134] is GRANTED and defendant's motion for reduction in sentence [DE 131] is DISMISSED.

SO ORDERED, this 13 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2